UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENNITA SMITH

        Plaintiff,

v.                                   CASE No. 8:18-CV-2346-T-30TGW

EXCELSIOR COMMUNITY
MANAGEMENT

        Defendant

_____

## REPORT AND RECOMMENDATION

The plaintiff has filed an Application to Proceed In Forma Pauperis (Doc. 2). The plaintiff complains that she was unlawfully evicted from her rental home because the homeowner's association restricts owners from leasing their residences to tenants who participate in the Housing Voucher Program, also known as Section 8 (Doc. 1).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if a party submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. However, even if the party proves indigency, the case shall be

dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Furthermore, although "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers....this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

The plaintiff has not stated a cognizable complaint because she has not stated a claim showing that she is entitled to relief and that the court has jurisdiction over this matter. See Rule 8, F.R.Civ.P.

The federal courts are of limited jurisdiction. Smith v. GTE Corp., 236 F.3d 1292, 1229 (11th Cir. 2001). Section 1331 of Title 28 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Additionally, when there is no federal question presented, a plaintiff may file a case in federal district court "where the matter in controversy exceeds the sum or value of $75,000... and is between citizens of different States...." 28 U.S.C. 1332.

The plaintiff claims that her eviction presents a federal question of housing discrimination (Doc. 1, p. 3). However, she does not cite to a federal statute precluding a homeowner's association from disapproving a tenant who participates in the Housing Voucher Program. See Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998)(Based on the "well-pleaded complaint rule, a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint"); Cf. Salute v. Stratford Greens Garden Apartments, 136 F.3d 293, 300 (2d Cir. 1998)(noting that a landlord's participation in Section 8 is voluntary).

Furthermore, since the defendant is a private entity, there is no apparent basis for a constitutional violation. See Almand v. DeKalb County, Ga., 103 F.3d 1510, 1513 (11th Cir. 1997)(a constitutional violation requires the deprivation of a federal right by a person acting under color of state law). Therefore, the plaintiff has not set forth a basis for federal question subject matter jurisdiction. Additionally, it is noted that the plaintiff purports to sue the community's management company, not the homeowner's association that restricts homeowners from leasing to Section 8 tenants.

The plaintiff also mentions in the complaint a breach of her leasing agreement (see Doc. 1, p. 6). However, a breach of contract is not

within this court's jurisdiction unless the plaintiff includes in her complaint allegations which support diversity jurisdiction. See Levine v. Hopson, 2016 WL 7972152 at *2 (M.D. Fla. 2016)("This eviction action does not arise under the Constitution, laws, or treaties of the United States, but, instead, arises under the laws of the State of Florida."). There is no allegation in the plaintiff's complaint that there is diversity between the parties, or that the dispute meets the threshold amount of $75,000. In fact, this complaint does not list the landlord as a defendant. Consequently, the plaintiff does not show that there is diversity jurisdiction, either.

In sum, construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1261 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R.Civ.P.).

I therefore recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: October 10, 2018

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.